UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KERTINA KIMBROUGH**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN,** and
**KAYCE NEWCOMB**, an employee of the
University of Michigan sued in her personal
and official capacity, *jointly and severally,*

    Defendants.

Case No. 20-cv
Hon.
Mag.

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Alana A. Karbal (P82908)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
akarabal@deborahgordonlaw.com

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Kertina Kimbrough, by and through her attorneys

Deborah Gordon Law, and complains against Defendants as follows:

**JURISDICTION AND PARTIES**

1.    This is an action for discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 and violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et. seq*.

2.    Plaintiff is an African-American female. Plaintiff's claims are based on Defendants' failure to promote Plaintiff to a sought position for which she was well qualified. The promotion was instead awarded to a much less qualified, white female.

3.    Plaintiff Kertina Kimbrough ("Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

4.    Defendant University of Michigan ("the University" or "Defendant University") is a Michigan non-profit corporation that maintains its principal place of business and conducts business in the Eastern District of Michigan.

5.    Defendant Kayce Newcomb ("Defendant Newcomb") is the Administrator and Facilities Manager in the Department of Psychiatry at the University and upon information and belief resides in the Eastern District of Michigan. Defendant Newcomb is white.

6.    The events underlying this Complaint occurred in the Eastern District of Michigan.

2

7.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## **BACKGROUND FACTS**

8.      In September 2018, Defendant University posted an opening for the position of Research Office Administrator ("ROA") in the Department of Psychiatry.

9.      At the time of the posting, Plaintiff held the position of Senior Administrative Assistant in the Department of Psychiatry and had been in that role since June 2017, and had been employed at the University since 2015.

10.     Plaintiff was very well qualified for the position.

11.     The ROA role would have been a promotion for Plaintiff. Plaintiff applied for the position in September 2018.

12.     The job positing for the ROA position required, among other things, 2-4 years' experience and knowledge of University of Michigan research activities. Desired qualifications included a bachelor's degree with reasonable supervisor and lead experience and professional experience performing general administrative work.

13.     Defendant Newcomb and her supervisor, Gloria Harrington, held the interviewing and decision-making authority for the ROA position.

14. At the time Plaintiff applied for the ROA position in September 2018, she possessed both bachelor's and mater's degrees. Plaintiff additionally had professional experience performing administrative work, as she had held an administrative position within the Psychiatry Department since June 2017 and another department within the University since 2015.

15. Prior to Plaintiff's interview for the ROA role, Defendant Newcomb told Plaintiff that she was looking for someone with "strong administrative skills."

16. Following the second ROA job posting, four individuals were interviewed: Plaintiff, a black female; Brittany Holmes, a black female; Sonja Atkins, a white female; and Jessica Hamden, a white female.

17. Jessica Hamden and Sonja Atkins had no college experience. Atkins' resume listed no educational experience and Hamden's resume indicated that she held a high school diploma.

18. Brittany Holmes and Plaintiff possessed bachelor's and master's degrees.

19. Jessica Hamden and Sonja Atkins' administrative experience was also inferior to that possessed by Holmes and Plaintiff. Hamden had been an intermediate administrator for one year and Atkins held one year of senior administrative experience.

4

20.   In contrast, Brittany Holmes possessed two years' experience as an Administrative Assistant in the Anesthesiology department at Defendant University, and Plaintiff had two years' experience as a Senior Administrative Assistant in The Department of Psychiatry, the very department of the posted ROA position.

21.   Despite Plaintiff's superior qualifications, she was not given a second interview for the ROA position.

22.   The ROA role was awarded to Jessica Hamden, a white female who possessed no senior administrative experience and no college degree.

23.   Defendant Newcomb notified Plaintiff that although Plaintiff was qualified for the position, Jessica Hamden was "a better fit."

24.   Defendant Newcomb told Plaintiff she had wanted to "build her own team."

25.   In fact, the organizational chart for the individuals under the direction of Defendant Newcomb reveals nine white individuals and no individuals of color.

26.   Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) charging Defendant University with discrimination based on race.

27.   The EEOC found reasonable course to believe Defendant University violated Title VII of the Civil Rights Act of 1964 but declined to bring suit on behalf of Plaintiff.

28. On December 2, 2019, Plaintiff received her Right to Sue letter from the EEOC.

## COUNT I
**Racial Discrimination in Violation of Tile VII of the Civil Rights Act of 1964**
*as against Defendant University*

29. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

30. At all relevant times, Plaintiff was an employee, and Defendant University her employer within the meanings set forth in Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000(e), *et. seq*.

31. Plaintiff is a member of a protected class; she is African American.

32. Defendant's treatment of Plaintiff, as described above, was based at least in part, on the unlawful consideration of her race.

33. A similarly situated white employee was treated better in the terms and conditions of her employment; she was promoted.

34. Agents of Defendant were predisposed to discriminate against Plaintiff based on her race.

35. The actions of Defendant University and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

36.     As a direct and proximate result of those actions, the terms, conditions and privileges of Plaintiff's employment was adversely affected, and Plaintiff was unfairly denied access to the promotion because of her race.

37.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT II
## Racial Discrimination in Violation of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2102 *et. seq.*, *as to Defendants*

38.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs.

39.     Pursuant to the Elliott-Larsen Civil Rights Act ("ELCRA"), Defendant University is an employer covered by the Act. *See* M.C.L. 37.2201 *et. seq*.

40.     Plaintiff's race was a factor in Defendants' decision to treat Plaintiff less favorably with regard to the terms, conditions, and benefits of employment on the basis of race, specifically in awarding the promotion to Research Office Administrator.

41.     The actions of Defendant University, through its agent, Defendant Newcomb, were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

42.     Defendant University, by its agent, Defendant Newcomb, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

43.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

### RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Kertina Kimbrough demands judgment against Defendants as follows:

**A.     LEGAL RELIEF**

1.     Compensatory, economic, and noneconomic damages in whatever amount she is found to be entitled;

2.     A judgment for loss wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled;

3.     Exemplary damages in whatever amount she is found to be entitled;

4.   Liquidated damages in whatever amount she is found to be entitled; and

5.   An award of interest, costs and reasonable attorney fees.

**B.   DECLARATORY & EQUITABLE RELIEF**

1.   An injunction out of this Court prohibiting any further acts of wrongdoing;

2.   An award of interest, costs and reasonable attorney fees; and

3.   Whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  February 19, 2020

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Alana A. Karbal (P82908)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
akarbal@deborahgordonlaw.com

**JURY DEMAND**

Plaintiff Kertina Kimbrough, by and through her attorneys Deborah Gordon Law, demands a trial by jury of all the issues in this cause.

Dated:  February 19, 2020

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Alana A. Karbal (P82908)
Attorneys for Plaintiff

9

33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
akarbal@deborahgordonlaw.com